UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
SHEILA BALRAM,

                Plaintiff,                  **MEMORANDUM & ORDER**
                                                            13-CV-07213 (MKB)
      v.

COHEN & SLAMOWITZ, LLP,

                Defendant.
-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

        On December 18, 2013, Defendant Cohen & Slamowitz, LLP removed this action from Civil Court of the City of New York, County of Queens to this Court. (*See* Docket Entry No. 1.) According to Defendant, on December 13, 2013, it received Plaintiff Sheila Balram's Complaint which was filed on November 29, 2013. (*Id.*) As discussed below, because this Court lacks subject matter jurisdiction, the Court *sua sponte* remands the case to the Civil Court of the City of New York, County of Queens.

   **I.**   **Discussion**

       **a.**  **Standard of Review**

        A civil action brought in state court may be removed by a defendant to a federal court of original jurisdiction. 28 U.S.C. § 1441(a). Federal courts are to construe the statute narrowly, resolving any doubts against removability, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citation omitted). The party asserting jurisdiction bears the burden of proving that jurisdiction and procedural requirements are met. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d

Cir. 2000); *see also MHRP Realty, L.L.C. v. 1990's Caterer's Ltd.*, No. 13-CV-4606, 2013 WL 4519308, at *1 (E.D.N.Y. Aug. 26, 2013) ("The burden is on the removing party to establish federal jurisdiction, and any doubts about jurisdiction must be resolved against removability."). "An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." *Bankhead v. New York*, No. 13-CV-3377, 2013 WL 6145776, at *1 (E.D.N.Y. Nov. 21, 2013) (quoting *Negron v. New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002); *see also In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("In determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal."). A district court must remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Kenmore Associates, L.P. v. Burke*, 367 F. App'x 168, 169 (2d Cir. 2010).

### b. Defendant Has Not Shown That This Court Has Jurisdiction

Defendant asserts in its Notice of Removal that the Complaint demonstrates that the Court has federal question jurisdiction as set forth in 28 U.S.C. § 1441(a), because the action was asserted pursuant to 47 U.S.C. §§ 227 *et seq.* (Docket Entry No. 1.) The Complaint states that "[t]he nature and the substance of the [P]laintiff's cause of action is as follows: Wrongfully held my Bank of America account for $9,000.00 with interest from 11/22/2013." (*Id.* (emphasis omitted).) No additional information is provided.

The statutory provisions relied upon by Defendant, 47 U.S.C. §§ 227 *et seq.*, address restrictions on the use of telephone equipment, pay-per-call services, the Communications Assistance for Law Enforcement Act, blocking of Internet-based offensive material and restriction of access by minors to harmful material on the Internet. *See* 47 U.S.C. §§ 227–31.

Defendant has not explained how Plaintiff's claim concerning wrongfully held funds is in any way related to 47 U.S.C. §§ 227 *et seq.*

On January 15, 2014, Defendant was ordered to show cause on or before January 22, 2014, why this action should not be remanded for lack of subject matter jurisdiction. (Order dated Jan. 15, 2014.) Defendant has failed to respond to the order.

## II. Conclusion

Defendant has not met its burden of proving federal jurisdiction and the Court therefore lacks subject matter jurisdiction over this action. This case is remanded to the Civil Court of the City of New York, County of Queens.

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: February 7, 2014
      Brooklyn, New York